**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>RHODIUM ENCORE LLC, et al.,<br>    Debtor.<br><br>345 PARTNERS SPV2 LLC, GRANT FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF GRANT FAIRBAIRN REVOCABLE TRUST, NINA FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF NINA CLAIRE FAIRBAIRN REVOCABLE TRUST, RICHARD FULLERTON, WILLIAM HO, AS TRUSTEE AND ON BEHALF OF GR FAIRBAIRN FAMILY TRUST, NCF EAGLE TRUST, GRF TIGER TRUST, AND NC FAIRBAIRN FAMILY TRUST, SCOTT KINTZ, AS TRUSTEE AND ON BEHALF OF KINTZ FAMILY TRUST, JACOB RUBIN, TRANSCEND PARTNERS LEGEND FUND LLC, VALLEY HIGH LP, JERALD WEINTRAUB, AS TRUSTEE AND ON BEHALF OF JERALD AND MELODY HOWE WEINTRAUB REVOCABLE LIVING TRUST DTD 02/05/98, AS AMENDED, AND MIKE WILKINS, AS TRUSTEE AND ON BEHALF OF WILKINS-DUIGNAN 2009 REVOCABLE TRUST<br>    Plaintiffs,<br>v.<br>NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, NICHOLAS CERASUOLO, AND IMPERIUM INVESTMENTS HOLDINGS, LLC.,<br>    Defendants. | Chapter 11<br><br>Case No. 24-90448 (Bankr. S.D. Tex.)<br><br>Jointly Administered<br><br><br>Adv. Pro. No. 25-_____ |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452, rule 9027 of the Federal Rules of Bankruptcy Procedure, and rule 9027-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("Local Rules"), Defendants Nathan Nichols, Chase Blackmon, Cameron Blackmon, and Imperium Investments Holdings, LLC (collectively, the "Defendants") hereby remove the civil action titled *345 Partners SPV2 LLC, Grant Fairbairn, as Trustee and on behalf of Grant Fairbairn Revocable Trust, Nina Fairbairn, as Trustee and on behalf of Nina Claire Fairbairn Revocable Trust, Richard Fullerton, William Ho, as Trustee and on behalf of the GR Fairbairn Family Trust, NCF Eagle Trust, GRF Tiger Trust, and NC Fairbairn Family Trust, Scott Kintz, as Trustee and on behalf of Kintz Family Trust, Jacob Rubin, Transcend Partners Legend Fund LLC, Valley High LP, Jerald Weintraub, as Trustee and on behalf of Jerald and Melody Howe Weintraub Revocable Living Trust DTD 02/05/98, as Amended, and Mike Wilkins, as Trustee and on behalf of Wilkins-Duignan 2009 Revocable Trust, Plaintiffs, v. Nathan Nichols, Chase Blackmon, Cameron Blackmon, Nicholas Cerasuolo, and Imperium Investments Holdings, LLC, Defendants*, Cause No. 342-360258-24, pending in the 342nd Judicial District of Tarrant County, Texas ("State Court Action"), to the United States District Court for the Northern District of Texas for referral to the United States Bankruptcy Court for the Northern District of Texas. Pursuant to the Order of Reference of Chapter 11 Cases and Proceedings Nunc Pro Tunc (the "Standing Order of Reference"), the case is automatically referred from the District Court to the Bankruptcy Court. Under Local Rule 9027-1(a) and the Standing Order of Reference, this Notice of Removal is filed with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE, that pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Rule 9027-1(c), a copy of the docket sheet and all pleadings from the State Court Action are attached hereto.

PLEASE TAKE FURTHER NOTICE that the Defendants contend that removal and referral are appropriate because the claims and causes of action in the State Court Action (1) arise under, arise in, or else relate to the pending bankruptcy proceeding under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Southern District of Texas, *In re Rhodium Encore, et al.*, Case No. 24-90448 (ARP) (Bankr. S.D. Tex. filed August 24, 2024, and August 29, 2024) (the "Chapter 11 Cases");[1] (2) concern allowance or disallowance of claims against the estate; (3) concern claims that are property of the estate; (4) concern the administration of the estate; and/or (5) concern the adjustment of the debtor-creditor relationship.

PLEASE TAKE FURTHER NOTICE that the Defendants state the following in support of removal of the State Court Action:

**State Court Action**

1. On December 12, 2024, 345 Partners SPV2 LLC, Grant Fairbairn, as Trustee and on behalf of Grant Fairbairn Revocable Trust, Nina Fairbairn, as Trustee and on behalf of Nina Claire Fairbairn Revocable Trust, Richard Fullerton, William Ho, as Trustee and on behalf of the GR Fairbairn Family Trust, NCF Eagle Trust, GRF Tiger Trust, and NC Fairbairn Family Trust, Scott Kintz, as Trustee and on behalf of Kintz Family Trust, Jacob Rubin, Transcend Partners Legend Fund LLC, Valley High LP, Jerald Weintraub, as Trustee and on behalf of Jerald and Melody Howe Weintraub Revocable Living Trust DTD 02/05/98, as Amended, and Mike Wilkins,

---

[1] Upon removal, the Defendants intend to seek a transfer of this action to U.S. Bankruptcy Court for the Southern District of Texas, where the Chapter 11 Cases are pending.

3

as Trustee and on behalf of Wilkins-Duignan 2009 Revocable Trust ("Plaintiffs") filed the State Court Action. All defendants have appeared and answered.

2. The State Court Action alleges various causes of action in relation to investments in and management of the bankrupt debtors and named officers and managers of debtor entities.

3. The State Court Action is aimed at influencing the administration of the Chapter 11 Cases. By way of these tactics, the Plaintiffs seek to have the plan of reorganization in the Chapter 11 Cases tilted towards enhancing their treatment under the plans and enhancing their returns.

4. The petition in the State Court Action (the "Petition") asserts two causes of action seeking to recover damages, asserting:

- Defendants failed to disclose that Riot Blockchain was possibly acquiring Whinstone (a landlord to the Debtors) – which leases are currently the subject of litigation in the Chapter 11 Cases.

- Defendants failed to disclose details of a "roll up" transaction after Plaintiffs' initial investment.

### Debtors' Bankruptcy Filings

5. On August 24, 2024, six initial affiliated debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Texas: Rhodium Encore LLC, Jordan HPC LLC, Rhodium JV LLC, Rhodium 2.0 LLC, Rhodium 10MW LLC, and Rhodium 30 MW LLC (the "Initial Debtors"). On August 29, 2024, the remaining debtors filed voluntary petition for relief under chapter 11, including the Rhodium Defendants (the "Additional Debtors," and, together with the Initial Debtors, the "Debtors").

6. The Chapter 11 Cases are jointly administered.

**Right to Removal**

7. The State Court Action is removable pursuant to 28 U.S.C. § 1452(a), which provides that

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

8. The requirements for removal under § 1452(a) are met here.

9. *First*, the State Court Action is a civil action that is not before the United States Tax Court and was not brought by a governmental unit.

10. *Second*, the State Court Action is pending in the 153rd Judicial District of Tarrant County, Texas, which is within the Northern District of Texas.

11. *Third*, this Court has jurisdiction under 28 U.S.C. § 1334(b), which provides that,

> [e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

12. Core proceedings explicitly include "allowance or disallowance of claims against the estate" 28 U.S.C. § 157(b)(2)(B). To the extent Plaintiffs assert claims of the estates and also seeks to influence the treatment of Plaintiffs in the Chapter 11 Cases, the State Court Action is a core proceeding as it involves adjudication of the claims against the Debtors' estate and further directly affects "the adjustment of the debtor-creditor . . . relationship" under 28 U.S.C. § 157(b)(2)(O).

13. To the extent the State Court Action alleges claims against non-Debtor Imperium and its principals or the directors and officers of the Debtors, this is still a core proceeding, as it concerns the administration of the estate, as the Plaintiffs seek to enhance their treatment by way of the State Court Action. *See* 28 U.S.C. § 157(b)(2)(A).

14. The Debtors' claims related to the "roll up" are property of the estate. The filing of a chapter 11 petition creates an estate comprised of all the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Courts "interpret 'all legal or equitable interests' broadly: The estate includes causes of action belonging to the debtor." *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009) (citing *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1149 (5th Cir. 1987); *Am. Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1274 (5th Cir. 1983)).

15. Plaintiffs attempt to implicate Rhodium JV's ultimate parent company, its principals, or directors and officers of the Debtors, by bringing what is unquestionably a derivative claim.

16. Fifth Circuit law provides that the debtor in possession "holds the initial right to pursue claims on behalf of the bankruptcy estate." *In re McKenzie Energy Corp.*, 228 B.R. 854, 868–69 (Bankr. S.D. Tex. 1998) (citing *Gibraltar Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1284–1285 (5th Cir. 1988); *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.*, 817 F.2d 1142 (5th Cir. 1987); *In re MortgageAmerica,* 714 F.2d 1266 (5th Cir. 1983))). Here, Plaintiffs have been actively lobbying for the Debtors to investigate and bring claims. While the Debtors have been conducting a thorough investigation, they have not brought claims against Defendants. Rather than seek relief in the Chapter 11 Cases, Plaintiffs filed the instant State Court Action.

17. Additionally, "[s]ince the control persons of [the Debtors] are named as defendants in the state court action, their time and efforts in revamping [the Debtors] in bankruptcy will necessarily be restricted," which weighs towards removing the State Court Action to the Bankruptcy Court for expeditious resolution. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1154 (5th Cir. 1987).

18. To the extent Plaintiffs allege causes of action against the individual defendants in their capacity as directors and officers of Imperium or of the Debtors, those causes of action also belong to the estate. *See Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009) ("[A] cause of action for breach of fiduciary duty owed to the corporation that is property of the corporation at commencement of the chapter 11 case becomes property of the debtor's estate, regardless of whether outside of bankruptcy the case was more likely to be brought by the corporation directly or by a shareholder or creditor through a derivative suit.") (citing *Meyer v. Fleming*, 327 U.S. 161, 167 (1946) ("The claim sought to be enforced in a derivative suit may be an important asset of the estate."); *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) (holding that a corporation's "cause of action against its officers and directors ... is 'property of the estate'"); *Mixon v. Anderson (In re Ozark Rest. Equip. Co.)*, 816 F.2d 1222, 1225 (8th Cir. 1987) (concluding that breach of fiduciary duty is an example of a "cause [ ] of action belonging to the debtor at the commencement of the case [that is] included within the definition of property of the estate"); *Delgado Oil Co. v. Torres*, 785 F.2d 857, 861 n.11 (10th Cir. 1986) ("Plaintiff's suit is akin to a shareholder's derivative action which, upon the filing of a petition in bankruptcy, is property of the estate."); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984) (holding that the right to prosecute an action against a corporation's

7

officers and directors "pass[es] to the estate created by the commencement of the bankruptcy proceeding")).

19. Because Plaintiffs' claims concern the assets of the bankruptcy estates created by the filing of the Chapter 11 Cases, the State Court Action asserts causes of action that are core proceedings. *See* 28 U.S.C. § 157(b)(2).

20. At a minimum, the State Court Action "relates to" the Chapter 11 Cases, and removal is appropriate under 28 U.S.C. § 157(c). A civil proceeding is "related to" a bankruptcy proceeding "if the action's outcome might have any conceivable effect on the bankrupt estate." *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)) (quotation marks omitted). "A case has a 'conceivable effect' on the bankruptcy estate 'if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *In re Manshul Const. Corp.*, 225 B.R. 41, 45 (Bankr. S.D.N.Y. 1998) (quoting *In re Chateaugay Corp.*, 213 B.R. 633, 638 (S.D.N.Y. 1997)); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (finding that a claim "relates to" the debtors' bankruptcy case where either the third-party purchaser or the debtors owed the producer money for gas). Because the State Court Action concerns the financial decisions Defendants made on behalf of the debtors in the Case 11 Cases, the State Court Action would affect the Debtors' rights, liabilities, options, or freedom of action and impact the administration of the bankruptcy estate. *Manshul*, 225 B.R. at 45.

21. Finally, 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." According

8

to the Standing Order of Reference, pursuant to 28 U.S.C. Section 157, "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 … be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law."

**Procedural Requirements**

22. This Notice of Removal is timely filed, as it is being filed within 30 days after service on Defendants. 11 U.S.C. § 301(b); 28 U.S.C. § 1446; Fed. R. Bankr. P. 9027(a)(2).

23. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is being filed with the clerk for the district and division within which the State Court Action is located. Pursuant to Local Rule 9027-1(a) and the Standing Order of Reference, this Notice of Removal is filed with the Clerk of the Bankruptcy Court.

24. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is signed pursuant to Federal Rule of Bankruptcy Procedure 9011 and contains a short and plain statement of the facts that entitles Defendants to remove.

25. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendants consents to entry of finals orders or judgment by the Bankruptcy Court.

26. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of the Docket Sheet in the State Court Case is attached as Appendix A, and copies of all process and pleadings in the State Court Action are attached hereto as:

- Exhibit A (Original Petition)
- Exhibit B (Letter Requesting Citation)
- Exhibit C (Debtors' Suggestion of Bankruptcy)
- Exhibit D (Return of Service—Cameron Blackmon)
- Exhibit E (Return of Service—Chase Blackmon)
- Exhibit F (Return of Service—Imperium Investments)
- Exhibit G (Return of Service—Nathan Nichols)
- Exhibit H (Defendants' Original Answer)

9

- Exhibit I (Trial Setting Letter)
- Exhibit J (Original Answer—Nick Cerasuolo)

27. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), Defendants will promptly serve a copy of this filed Notice of Removal on the Plaintiffs.

28. Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), Defendants will promptly file a copy of this Notice of Removal with the 342nd Judicial District of Tarrant County, Texas.

WHEREFORE, notice is hereby given that the State Court Action is removed from the 342nd Judicial District of Tarrant County, Texas, to this Court.

Respectfully submitted this 21st day of January 2025.

STREUSAND LANDON
OZBURN & LEMMON, LLP

By: */s/ Stephen W. Lemmon*
  Stephen W. Lemmon
  Texas Bar No. 12194500
  Rhonda Mates
  Texas Bar No. 24040491
  1801 S. Mopac Expressway
  Suite 320
  Austin, Texas 78746
  Telephone: 512-220-2688
  Facsimile: 713-221-7100
  Email: lemmon@slollp.com
  Email: mates@slollp.com

***COUNSEL FOR DEFENDANTS NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, AND IMPERIUM INVESTMENTS HOLDINGS, LLC***