Chase J. Potter
Texas State Bar No. 24088245
potter@imcplaw.com
Joshua J. Iacuone
Texas State Bar No. 24036818
josh@imcplaw.com
Joshua L. Shepherd
Texas State Bar No. 24058104
shepherd@imcplaw.com
Anna Olin Richardson
Texas State Bar No. 24102947
anna@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

**ATTORNEYS FOR PLAINTIFFS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § § § | **CHAPTER 11** |
| **RHODIUM ENCORE, LLC, et al.,** | § § | **CASE NO. 24-90448** |
| **Debtor.** | § § § | **(Bankr. S.D. Tex.)** |

| | | |
|---|---|---|
| **345 PARTNERS SPV2 LLC, GRANT FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF GRANT FAIRBAIRN REVOCABLE TRUST, NINA FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF NINA CLAIRE FAIRBAIRN REVOCABLE TRUST, RICHARD FULLERTON, WILLIAM HO, AS TRUSTEE AND ON BEHALF OF GR FAIRBAIRN FAMILY TRUST, NCF EAGLE TRUST, GRF TIGER TRUST, AND NC FAIRBAIRN FAMILY TRUST, SCOTT KINTZ, AS TRUSTEE AND ON BEHALF OF KINTZ FAMILY TRUST, JACOB RUBIN, TRANSCEND PARTNERS LEGEND FUND LLC,** | § § § § § § § § § § § § § § § § § § | **ADV. NO. 25-04008** |

**VALLEY HIGH LP, JERALD WEINTRAUB, AS TRUSTEE AND ON BEHALF OF JERALD AND MELODY HOWE WEINTRAUB REVOCABLE LIVING TRUST DTD 02/05/98, AS AMENDED, AND MIKE WILKINS, AS TRUSTEE AND ON BEHALF OF WILKINS-DUIGNAN 2009 REVOCABLE TRUST,**

§
§
§
§
§
§
§
§
§
§
§

  **Plaintiffs,**

§
§

**v.**

§
§

**NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, NICHOLAS CERASUOLO, AND IMPERIUM INVESTMENTS HOLDINGS, LLC,**

§
§
§
§
§
§

  **Defendants.**

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND ABSTAIN

# TABLE OF CONTENTS

I. SUMMARY OF GROUNDS SUPPORTING THE MOTION ................................................5

II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND ................................................6

III. ARGUMENT AND AUTHORITIES ...........................................................................7

    A.  *The applicable removal and remand standard.* ..............................................................7

    B.  *The Causes of Action are direct claims against the non-debtor Defendants and can only
be asserted by Plaintiffs.* ..................................................................................................8

    C.  *Defendants did not, and cannot, satisfy their burden to establish federal jurisdiction,
because it does not exist in this case.* ............................................................................. 12

    D.  *Even if this Court had subject matter jurisdiction over this action (it does not),
mandatory abstention applies and prevents this Court from adjudicating this case* ...... 14

    E.  *Even if this Court had subject matter jurisdiction (it does not) and mandatory abstention
did not apply (it does), this case should still be remanded under permissive abstention
and/or equitable remand.* ............................................................................................. 17

IV. CONCLUSION AND REQUESTED RELIEF .................................................................21

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000) ..........................................................8

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995).......................................................................... 13

*Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).......................................10, 14

*Gober v. Terra Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996)........................................ 17

*In re Buccaneer Res., LLC*, 912 F.3d 291 (5th Cir. 2019)……………………………10, 11, 12

*In re Cicion Negro, Inc.*, 260 B.R. 832 (Bankr. S.D. Tex. 2001)……………………………7, 19

*In re Educators Grp. Health Trust*, 25 F.3d 1281 (5th Cir. 1994)…………………………8, 9, 10

*In re Enable Commerce, Inc.*, 256 F.R.D. 527 (N.D. Tex. 2009) ..............................................8

*In re Foxmeyer Corp.*, 230 B.R. 791 (Bankr. N.D. Tex. 1998))...................................................7

*In re Highland Cap. Mgmt., L.P.*, 2022 WL 38310 (Bankr. N.D. Tex. Jan. 4, 2022) .................8

*In re Hofmann*, 248 B.R. 90 (Bankr. W.D. Tex. 2000)…………………………………………8

*In re Performance Interconnect Corp.*, 2007 WL 2088281 (Bankr. N.D. Tex.

   July 19, 2007).............................................................................…...7, 13, 16, 17

*In re Senior Care Centers, LLC*, 611 B.R. 791 (Bankr. N.D. Tex. 2019) ................................ 17

*In re Seven Seas*, 522 F.3d 575 (5th Cir. 2008)…………………………………..8, 9, 10, 11, 12

*In re Southmark*, 163 F.3d 925 (5th Cir. 1999)...................................................................... 16

*In re TXNB Internal Case*, 483 F.3d 292 (5th Cir. 2007) .......................................................... 15

*In re With Purpose, Inc.*, 654 F.R.D. 715 (Bankr. N.D. Tex. 2023).................................... 12, 18

*In re Wood*, 825 F.2d 90 (5th Cir. 1987)…………………………………………..13, 14, 16

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002)........................... 12

*Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480 (E.D. La. 2004)…………………...20

*Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, 2004 WL 2826817 (N.D. Tex. 2004)…………18

*Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237 (5th Cir. 1997) ................................ 15

*Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020) ................... 15

*Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001) .................................................. 13, 14

### <u>Rules</u>

28 U.S.C. § 1334 ............................................................................................. 12, 13, 14

28 U.S.C. § 1334(b) ..................................................................................................... 15

28 U.S.C. § 1334(c).............................................................................. 13, 14, 17, 19

28 U.S.C. § 1441 ...........................................................................................................7

28 U.S.C. § 1441(b) ..................................................................................................... 15

28 U.S.C. § 1452 ...........................................................................................................7

28 U.S.C. § 1452(a) ................................................................................................7, 16

28 U.S.C. § 1452(b) ...........................................................................................7, 17, 19

Pursuant to 28 U.S.C. §§ 1334(c) and 1452(b), Plaintiffs 345 Partners SPV2 LLC, Grant Fairbairn, as Trustee and on behalf of the Grant Fairbairn Revocable Trust, Nina Fairbairn, as Trustee and on behalf of the Nina Claire Fairbairn Revocable Trust, Richard Fullerton, William Ho, as Trustee and on behalf of the GR Fairbairn Family Trust, NCF Eagle Trust, GRF Tiger Trust, and NC Fairbairn Family Trust, Scott Kintz, as Trustee and on behalf of the Kintz Family Trust, Jacob Rubin, Transcend Partners Legend Fund LLC, Valley High LP, Jerald Weintraub, as Trustee and on behalf of the Jerald and Melody Howe Weintraub Revocable Living Trust DTD 02/05/98, as amended, and Mike Wilkins, as Trustee and on behalf of the Wilkins-Duignan 2009 Revocable Trust (collectively, "Plaintiffs") hereby move this Court for an order remanding this action to the state court in which it was originally filed. In support of such request, Plaintiffs show as follows:

## I.        SUMMARY OF GROUNDS SUPPORTING THE MOTION

1.        This lawsuit should be remanded back to the state court in which it was originally filed for the following reasons: (1) Plaintiffs' claims against Defendants (all of whom are non-debtors) resulted in direct injuries to the Plaintiffs, and they are the only ones with standing to bring such claims (*i.e.* no bankruptcy estate has standing to pursue such claims); (2) Moving Defendants[1] failed to satisfy their burden to establish the existence of federal jurisdiction over the claims asserted by Plaintiffs against the non-debtor Defendants in this action; (3) even if federal jurisdiction exists (it does not), mandatory abstention applies and prevents this Court from adjudicating this action; (4) even if federal jurisdiction exists (it does not) *and* mandatory abstention does not apply (it does), remand would still be appropriate under the doctrines of permissive abstention and/or equitable remand; and (5) because Defendant Cerasuolo did not join,

---

[1]        "Moving Defendants" means, collectively, all Defendants except Nicholas Cerasuolo because he did not file (nor file a consent regarding) the Notice of Removal.

or consent to, the Notice of Removal, there is a lack of unanimity justifying either (i) automatic

remand, or (ii) abstention.

2.      For these reasons, which are more fully explained below, Plaintiffs request that this

Court issue an order remanding this lawsuit to the 342nd Judicial District Court in Tarrant County,

Texas (the "State Court"), for further proceedings.

## II.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

3.      Defendants Nathan Nicholas, Chase Blackmon, Cameron Blackmon, Nicholas

Cerasuolo, and Imperium Investments Holdings, LLC (collectively, "Defendants") were either

founders, executives, or served on the management team of a start-up, bitcoin mining enterprise

known as "Rhodium."[2] *See* Petition ¶¶ 24-61.[3] On December 12, 2024, Plaintiffs filed their lawsuit

in the State Court, in order to hold Defendants accountable for Defendants' fraud, fraudulent

inducement, and fraud by nondisclosure (collectively, the "Causes of Action") in connection with

Plaintiffs investing approximately $33 million in Rhodium.

4.      To be clear, the Causes of Action do *not* include a claim for any breaches of duty

owed by Defendants (to Rhodium). Rather, the Causes of Action relate to direct injuries suffered

by Plaintiffs, as they would not have invested in Rhodium but for Defendants' material

misrepresentations and bad acts. And Defendants knew as much. These are not derivative claims

in which the Rhodium bankruptcy estate has any interest. Instead, the Causes of Action are held

solely by Plaintiffs for harm they suffered at the hands of the (non-debtor) Defendants.

---

[2]      Rhodium Encore, LLC (the Rhodium entity in which Plaintiffs invested) along with various other "Rhodium" entities, are Debtors in bankruptcy cases currently pending in the United States Bankruptcy Court for the Southern District of Texas, jointly administered under Case No. 24-90448 (ARP) (Bankr. S.D. Tex.).

[3]      *Plaintiffs' Original Petition* (the "Petition") is attached as Exhibit "A" to the Defendants' Notice of Removal. *See* Adv. Dkt. No. 1-3.

5.      This lawsuit was assigned to the State Court upon its filing. Defendants filed their answer on January 10, 2025. Moving Defendants thereafter filed their Notice of Removal on January 21, 2025 [Adv. Dkt. No. 1-1] (the "Notice of Removal"). Defendant Cerasuolo did ***not*** join the Notice of Removal, timely consent to the Notice of Removal, or timely file a separate notice of removal.

### III.      ARGUMENT AND AUTHORITIES

**A.      *The applicable removal and remand standard.***

6.      "Removal of claims related to a bankruptcy case is governed by 28 U.S.C. § 1452, which provides, as relevant here, that a party may remove any claim to the district court for the district where such claim is pending, if the district court has jurisdiction of such claim under 28 U.S.C. § 1334." *In re Performance Interconnect Corp.*, No. 06-34482-BJH-7, 2007 WL 2088281, at *4 (Bankr. N.D. Tex. July 19, 2007). "There are only two instances where removing a state court lawsuit to a federal bankruptcy court is appropriate—where removal is permitted under the bankruptcy removal statute, 28 U.S.C. § 1452(a), or under the general removal statute, 28 U.S.C. § 1441." *In re Cicion Negro, Inc.*, 260 B.R. 832, 835 (Bankr. S.D. Tex. 2001) (citing *In re Foxmeyer Corp.*, 230 B.R. 791, 794-95 (Bankr. N.D. Tex. 1998)).

7.      "The statutory provision relied upon to remove the state court lawsuit determines which scheme is substantively applied when deciding whether to remand the case." *Id.* Here, Moving Defendants rely solely on 28 U.S.C. § 1452(a) as their statutory authority to remove this lawsuit. *See* Notice of Removal. "Once a state court lawsuit has been removed pursuant to § 1452(a), the court 'may remand such claim or cause of action *on any equitable ground*.'" *Id.* (quoting 28 U.S.C. § 1452(b)) (emphasis in original). "Conforming with the generous standard in § 1452(a), the equity standards governing remand under § 1452(b) provide the bankruptcy courts with a much

broader range of discretion in deciding whether to remand than under the technical and procedural requirements prescribed in § 1447(c)." *Id.* (citing *In re Hofmann*, 248 B.R. 90, 94 (Bankr. W.D. Tex. 2000)).

8.      "A federal court 'must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum [*e.g.*, Defendants]." *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 38310, at *9 (Bankr. N.D. Tex. Jan. 4, 2022) (quoting *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 (N.D. Tex. 2009)). "Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Id.* (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**B.      *The Causes of Action are direct claims against the non-debtor Defendants and can only be asserted by Plaintiffs.***

9.      Plaintiffs seek to recover the approximately $33 million that Plaintiffs invested in Rhodium. The injury for which Plaintiffs are suing – and the corresponding relief sought – is for harm that Plaintiffs directly and personally suffered. Accordingly, rather than derivative claims held by Rhodium, the Causes of Action constitute direct claims held by Plaintiffs, and Plaintiffs alone.

10.      In the Fifth Circuit, "[w]hether a particular state-law claim belongs to the bankruptcy estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case." *In re Seven Seas*, 522 F.3d 575, 584 (5th Cir. 2008) (citing *In re Educators Grp. Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994)). As part of this inquiry, courts in the Fifth Circuit "look to the nature of the injury for which relief is sought and consider[s] the relationship between the debtor and the injury." *Id.*

11.      When reaching its decision in *Seven Seas*, the Fifth Circuit looked to its prior decision in *Educators Group Health Trust*. In *Educators*, the Fifth Circuit held that certain claims

such as fraud, conspiracy to commit fraud, and misrepresentation (*i.e.*, the same type of claims being asserted by Plaintiff here), belonged solely to the plaintiff school districts after explaining that:

> We do agree . . . with the plaintiff school districts' contention that some of the causes of action allege a direct injury to themselves, which is not derivative of any harm to the debtor. For example, the plaintiff school districts allege . . . that the defendants intentionally misrepresented to *them* the financial situation of EGHT, and that they materially relied on such representations to their detriment. To the extent that this cause of action and others allege a direct injury to the plaintiff school districts, they belong to the plaintiff school districts and not the estate.

*Id.* at 584-85 (quoting *Educators*, 25 F.3d at 1285).

12.     The Fifth Circuit then turned to the *Seven Seas* allegations and causes of action, which are analogous to those asserted in this case. In *Seven Seas*, a secured creditor ("Chesapeake") of a bankrupt corporation ("Seven Seas") was sued by investors in Seven Seas (the "plaintiff bondholders"). *See id.* at 578. Similar to Plaintiffs who invested over $33 million in Rhodium, the plaintiff bondholders held $30 million in notes issued by Seven Seas. *See id.*

13.     The plaintiff bondholders in *Seven Seas* relied on certain misrepresentations when deciding whether to invest (just like Plaintiffs allege to have relied on the material misrepresentations made by Defendants in connection with their investments). *See id.* Ultimately, the plaintiff bondholders sued Chesapeake in state court – bringing claims of conspiracy to defraud and aiding and abetting fraud against Chesapeake. *See id.* at 580.

14.     Just like Moving Defendants here, Chesapeake removed the state law claims against it to federal court and argued the causes of action were property of the Seven Seas bankruptcy estate. *See id.* at 581. The plaintiff bondholders, like Plaintiffs here, moved to remand the case to state court. *See id.* at 582.

15.    The plaintiff bondholders argued that the claims could not have been brought by Seven Seas prior to the bankruptcy proceeding and, thus, were not property of the estate. *Id.* at 585. According to the plaintiff bondholders, "Seven Seas could not have brought claims based on the damages that *they* [*i.e.*, the plaintiff bondholders] suffered as a result of *their* reliance on the false reserve estimates when *they* invested in the unsecured notes, as Seven Seas simply was not harmed by misrepresentations made to the bondholders to induce them to buy (or refrain from selling) the notes on the secondary market." *Id.* at 585.

16.    The Fifth Circuit ultimately agreed with the plaintiff bondholders (rejecting the very arguments being made by Moving Defendants in this case) and remanded the claims to state court. *See id.* at 590. The same result should occur here (*i.e.*, remand), because the reasoning behind the *Seven Seas* decision and its Fifth Circuit progeny (*e.g.*, *In re Buccaneer*[4]) applies equally in this case. Such reasoning from the Fifth Circuit is briefly summarized below.

17.    First, notwithstanding various links between the *Seven Seas* parties to the debtor and the bankruptcy proceeding, the Fifth Circuit stated as follows:

> However, the existence of common parties and shared facts between the bankruptcy and the bondholders' suit does not necessarily mean that the claims asserted by the bondholders are property of the estate. Indeed, as *Educators Group Health Trust* demonstrates, it is entirely possible for a bankruptcy estate and a creditor to own separate claims against a third party arising out of the same general series of events and broad course of conduct.

*Id.* at 585; *see also Feld v. Zale Corp. (In re Zale Corp.*), 62 F.3d 746, 753 (5th Cir. 1995) ("Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy [for purposes of finding bankruptcy jurisdiction].").

---

[4] *In re Buccaneer Res., LLC*, 912 F.3d 291, 293 (5th Cir. 2019).

18.     Similarly, here, the simple fact that Rhodium's estate may have claims against Defendants "arising out of the same general series of events and broad course of conduct" does not mean the Causes of Action asserted by Plaintiffs in this lawsuit are either (i) derivative claims belonging to the Debtor's estate, or (ii) sufficiently "related to" the bankruptcy proceeding to confer bankruptcy jurisdiction. *See Buccaneer*, 912 F.3d at 293 ("The estate and a creditor may have separate claims against a third party arising out of the same events").

19.     In *Seven Seas*, the Fifth Circuit then turned its analysis to "whether under state law Seven Seas [the debtor] could have raised the claims as of the commencement of the bankruptcy" and, thus, conducted an examination of "the nature of the injury for which relief is sought." *Seven Seas*, 522 F.3d at 585. In addressing that issue, the Fifth Circuit stated as follows:

> If [defendant] Chesapeake knew that the reserve estimates were false and used them to induce the [plaintiff] bondholders to purchase or refrain from selling the unsecured notes, then there was a direct injury to the bondholders that was independent of any injury to [debtor] Seven Seas. Indeed, we fail to see what direct injury Seven Seas might have suffered on account of the specific wrongdoing that the bondholders complain of here.

*Id.* at 586.

20.     The same reasoning applies in this case. Plaintiffs allege that Defendants made various, material and knowing misrepresentations for the purpose of inducing Plaintiffs to invest millions in Rhodium. *See* Petition ¶¶ 24-61. Just like the plaintiff bondholders in *Seven Seas*, Plaintiffs suffered a direct injury when they were fraudulently induced by Defendants into investing approximately $33 million in the first instance and refrain from selling the notes. Rhodium did not suffer any direct harm but rather *benefitted* from Plaintiffs' investment.

21.     In sum, the Fifth Circuit held that "the claims brought by the [plaintiff] bondholders allege an injury that is not merely derivative of an injury to Seven Seas, and that Seven Seas could not have asserted the claims as of the commencement of the bankruptcy case." *Seven Seas*, 522

F.3d at 587. The same is true for the claims Plaintiffs assert against Defendants – *i.e.*, the Causes

of Action allege an injury that is not derivative of an injury to Rhodium, and Rhodium could not

have asserted the claims as of the commencement of the bankruptcy proceeding.[5]

22.    Thus, just like the claims in *Seven Seas*, the Causes of Action that Plaintiffs assert

against Defendants in this lawsuit should be remanded to the State Court. *See Buccaneer*, 912 F.3d

at 297 (Fifth Circuit held that because the plaintiff's claim alleging "a direct injury to [the plaintiff]

is not property of the estate, there is ***no basis*** for bankruptcy court jurisdiction." (emphasis

added)).[6]

**C.    *Moving Defendants did not, and cannot, satisfy their burden to establish federal
jurisdiction, because it does not exist in this case.***

23.    Moving Defendants, as the removing parties, bear the burden of showing that

federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins.

Co.*, 276 F.3d 720, 723 (5th Cir. 2002). As stated above, for Moving Defendants to satisfy their

burden, Moving Defendants first must establish that the federal bankruptcy court has jurisdiction

---

[5]    In *Seven Seas*, the Fifth Circuit also stated: "That is not to say, of course, that Seven Seas might not also
have suffered its own direct injury because of some wrongdoing on the part of Chesapeake, or could not have
brought any claims against Chesapeake as of the commencement of the case  … But the bondholders' claims and
the estate's claims are not mutually exclusive: there is nothing illogical or contradictory about saying that
Chesapeake might have inflicted direct injuries on both the bondholders and Seven Seas during the course of
dealings that form the backdrop of both sets of claims." *Seven Seas*, 522 F.3d at 587. Similarly, just because
Defendants may have also caused direct harm to Rhodium, does not mean that Defendants did not also inflict direct
injuries upon Plaintiffs.

[6]    Another bankruptcy court in the Northern District of Texas recently relied upon *Seven Seas* and reached the
same conclusion when presented with similar facts. Specifically, in *In re With Purpose, Inc.*, investors of the debtor
filed a state court lawsuit, alleging that the debtor's founder fraudulently induced them into investing over $11 million
into the debtor. 654 F.R.D. 715, 719 (Bankr. N.D. Tex. 2023). The court concluded that the investors' fraudulent
inducement and negligent misrepresentation claims were *direct* claims, rather than derivative of the bankruptcy estate.
*Id.* at 723. To that end, the misrepresentations that caused the investors' losses only injured the investors, not the
debtor, and – in fact – the debtor actually benefitted from those investments. *Id.* As such, the investors suffered the
"sole injury," and the debtor would not have a claim against the founder for the investors' initial investment. *Id.* at
724. Further, like in *Seven Seas*, the court held that, to the extent the debtor might have similar claims against the
founder, the debtor's and the investors' claims are not "mutually exclusive": "That is not to say that the Debtor does
not have some other claim for the actions alleged . . . as 'it is entirely possible for a bankruptcy estate and a creditor
to own separate claims against a third party arising out of the same general series of events and broad course of
conduct.'" *Id.* at 724-25.

---

of the removed claims under 28 U.S.C. § 1334. *Performance Interconnect Corp.*, 2007 WL 2088281, at *4. The sparse and conclusory allegations included the Notice of Removal fall well short of what is required to satisfy Moving Defendants' high burden. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319- 20 (11th Cir. 2001).

24.    To determine whether removal is proper, the first question is whether Moving Defendants have sufficiently established that this Court has jurisdiction under 28 U.S.C. § 1334 over the claims asserted by Plaintiffs. *Performance Interconnect Corp.*, 2007 WL 2088281, at *4. In addition to "cases under title 11," which refers to the original bankruptcy petition and is not at issue here, § 1334 lists three types of proceedings over which federal bankruptcy courts have jurisdiction—those "arising under title 11," those "arising in" a case under title 11, and those "related to" a cause under title 11. *Id.* (citing *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)).

25.    "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *Id.* (citing *Wood*, 825 F.2d at 96). Plaintiffs have not asserted any such claims in this case. Indeed, the Causes of Action asserted by Plaintiffs arise under Texas state law. *See* Petition ¶¶ 27-45. "Arising in" jurisdiction is not based on a right expressly created by title 11 but is based on claims that have no existence outside bankruptcy. *Performance Interconnect Corp.*, 2007 WL 2088281, at *4 (citing *Wood*, 825 F.2d at 97). The Causes of Action asserted against Defendants (*i.e.*, non-debtors) in the State Court lawsuit obviously are not the type of claims that "have no existence outside bankruptcy." *See id.* Thus, the only remaining potential ground for federal jurisdiction under § 1334 is "related to" jurisdiction, which Moving Defendants incorrectly argue applies here.

26.    "Related to" jurisdiction exists if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (citing *Celotex*

*Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995); *Wood*, 825 F.2d at 93). The Fifth Circuit has further stated that "an action is related to a bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate." *Feld*, 62 F.3d at 752.

27.    Moving Defendants have failed to meet their burden to establish "related to" jurisdiction. The Notice of Removal includes nothing more than one conclusory statement that "[b]ecause the State Court Action concerns the financial decisions Defendants made on behalf of the debtors in the Case 11 Cases (*stet*), the State Court Action would affect the Debtors' rights, liabilities, options, or freedom of action and impact the administration of the bankruptcy estate." *See* Notice of Removal ¶ 20 [Adv. Dkt. No. 1-1]. What financial decisions? On behalf of which Debtor(s)? Which Debtor(s) would be affected? How so? How would the administration of an unidentified bankruptcy estate be impacted? These type of bare, conclusory allegations are woefully insufficient to meet Moving Defendants' burden of establishing federal jurisdiction. *See Williams*, 269 F.3d at 1319-20.

28.    In sum, Moving Defendants have failed to satisfy their burden to establish "related to" jurisdiction or any other federal jurisdiction under 28 U.S.C. § 1334 supporting removal. Moreover, even if there was some basis for jurisdiction under § 1334, remanding this lawsuit to the state court in which it was originally filed would still be appropriate for the reasons set forth below.

**D.**    ***Even if this Court had subject matter jurisdiction over this action (it does not), mandatory abstention applies and prevents this Court from adjudicating the case.***

29.    This action *must* be remanded because the *mandatory* abstention requirements of 28 U.S.C. § 1334(c) are met. Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court ***shall abstain*** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

30.    The Fifth Circuit has "interpreted this provision to mandate federal court abstention where '(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, *i.e.*, it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (quoting *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997)). All four of these elements for mandatory abstention are present here.

31.    With respect to the first element, Moving Defendants contend that "…this Court has jurisdiction under 28 U.S.C. § 1334(b)..." *See* Notice of Removal ¶ 11 [Adv. Dkt. No. 1-1]. "Section 1334(b) provides for federal jurisdiction over cases arising under or related to the bankruptcy code." *TXNB Internal Case*, 483 F.3d at 300. The Causes of Action asserted in this lawsuit by Plaintiffs against Defendants (all of whom are non-debtors) are based exclusively on state law. And diversity jurisdiction does not exist because multiple Defendants (*i.e.*, Chase Blackmon, Cameron Blackmon, and Imperium) are citizens of Texas (*i.e.*, the forum) and, therefore, the forum-defendant rule would prohibit removal. *See Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing the forum-defendant rule).[7] Thus,

---

[7]    The forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if ***any*** of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

because the only possible basis for federal jurisdiction in this case is 28 U.S.C. § 1334(b), which is the only federal jurisdictional basis argued by Moving Defendants in their Notice of Removal, the first element of mandatory abstention is satisfied.[8]

32.     The second element of mandatory abstention is also satisfied because this case is not a core proceeding. Claims that "arise under" or "arise in" a bankruptcy case are "core" matters. *Performance Interconnect Corp.*, 2007 WL 2088281, at *4. As discussed above, "arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *Id.* (citing *Wood*, 825 F.2d at 96). Plaintiffs have not asserted any such claims in this case and, instead, have only asserted state law causes of action against Defendants. "Arising in" jurisdiction is not based on a right expressly created by title 11 but is based on claims that have no existence outside bankruptcy. *Id.* (citing *Wood*, 825 F.2d at 97). The state law causes of action asserted against Defendants (*i.e.*, non-debtors) in the State Court lawsuit are obviously not the type of claims that "have no existence outside bankruptcy." *See id.* Thus, the second element of mandatory abstention – *i.e.*, this is not a "core proceeding" – is satisfied.

33.     The third element of mandatory abstention, which requires that "an action has been commenced in state court," is also satisfied. The "vast majority" of courts, including the Fifth Circuit, hold that mandatory abstention applies to actions, such as this case, that have been removed under § 1452(a). *See In re Southmark*, 163 F.3d 925, 929 (5th Cir. 1999) ("We note, only to reject out of hand, [the defendant's] assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction."). The Fifth Circuit does not require a separate and parallel proceeding to be pending in state court for mandatory abstention to apply. *See id.* (finding "no textual support in the statute" for the requirement of a parallel

---

[8]     As stated above, Plaintiffs dispute that federal jurisdiction exists over this lawsuit under § 1334(b) or otherwise.

proceeding in state court). Accordingly, because Plaintiffs initiated this action in state court, the third element of mandatory abstention is satisfied.

34.    The fourth and final element of mandatory abstention is also present because there is no reason to believe this action cannot be timely adjudicated in state court. Prior to removal, the State Court already set the case for trial on December 15, 2025 [Adv. Dkt. No. 1-11]. Moreover, given that Plaintiffs timely requested a jury trial and do not consent to this Court conducting the jury trial (which would require this matter to be withdrawn to the federal district court for trial if not remanded), this matter would likely take far longer to adjudicate in this Court than the state court in which it was originally filed. *See In re Senior Care Centers, LLC*, 611 B.R. 791, 801 (Bankr. N.D. Tex. 2019); *see also* Plaintiffs' Jury Demand [Adv. Dkt. No. 2].

35.    Because all the requirements of 28 U.S.C. § 1334(c) are met, mandatory abstention applies, and this case should be remanded back to the State Court so that the proceedings can continue and be adjudicated timely.

**E.**    ***Even if this Court had subject matter jurisdiction over this action (it does not), and mandatory abstention did not apply (it does), this case should still be remanded under permissive abstention and/or equitable remand.***

36.    In the alternative, and even if removal was proper (it was not for the reasons discussed above), this Court may still (i) abstain from hearing the Causes of Action Plaintiffs have asserted against Defendants in the State Court lawsuit (all of which are state law causes of action) in the exercise of its discretion under 28 U.S.C. § 1334(c)(1), and/or (ii) remand the case on any equitable ground under 28 U.S.C. § 1452(b). *See Gober v. Terra Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); *see also Performance Interconnect Corp.*, 2007 WL 2088281, at *5. "Because the statutes are similar in purpose, the circumstances which weigh in favor of discretionary

abstention . . . weigh in favor of or constrain remand under § 1452(b)." *Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, No. 3:04-CV-1033, 2004 WL 2826817, at *8 (N.D. Tex. 2004).

37.    Specifically, courts have delineated fourteen factors that a court should consider and balance in deciding whether to abstain and/or remand, including:

    i.    the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain;

    ii.    the extent to which state law issues predominate over bankruptcy issues;

    iii.    the difficult or unsettled nature of applicable law;

    iv.    the presence of related proceedings commenced in state court or other non-bankruptcy proceeding;

    v.    the jurisdictional basis, if any, other than § 1334;

    vi.    the degree of relatedness or remoteness of proceeding to main bankruptcy case;

    vii.    the substance rather than the form of an asserted core proceeding;

    viii.    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    ix.    the burden on the bankruptcy court's docket;

    x.    the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties;

    xi.    the existence of a right to a jury trial;

    xii.    the presence in the proceeding of non-debtor parties;

    xiii.    comity; and

    xiv.    the possibility of prejudice to other parties in the action.

*Id.* at *8-9; *In re With Purpose, Inc.*, 654 B.R. at 729. When these factors are considered, it is clear that the exercise of permissive abstention and/or equitable remand is appropriate.

38.     The following factors clearly weigh in favor of abstention and/or equitable remand:

i.      **No. 1 (the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain)**: The efficient administration of Rhodium's estate will not be adversely impacted by a remand of the Causes of Action (all of which are purely state law claims) that Plaintiffs (all of whom are non-debtors) have asserted against Defendants (all of whom are also non-debtors). Moving Defendants removed the case to this Court, which is not even the court administering the Rhodium bankruptcy proceeding.

ii.     **No. 2 (the extent to which state law issues predominate over bankruptcy issues)**: The Causes of Action Plaintiffs have asserted against Defendants in this lawsuit raise entirely state law issues. *See* Petition ¶¶ 24-61.

iii.    **No. 5 (jurisdictional basis, if any, other than § 1334)**: There is no potential jurisdictional basis other than § 1334 (and Plaintiffs contend that there is not even federal jurisdiction under § 1334, as discussed above).

iv.     **No. 7 (the substance rather than the form of an asserted core proceeding)**: For the reasons stated above, this is not a core proceeding.

v.      **No. 11 (the existence of a right to a jury trial)**: Plaintiffs have demanded a jury trial and do not consent to the entry of a final judgment by the United States Bankruptcy Court nor to trial by jury in Bankruptcy Court. *See* Plaintiffs' Jury Demand [Adv. Dkt. No. 2]; *see also* Plaintiffs' Supplemental Rule 9027(e) Statement [Adv. Dkt. No. 4]. Absent consent of the parties, this Court may not conduct jury trials. *In re Clay*, 35 F.3d 190 (5th Cir. 1994). While a jury demand does not make remand automatic, this factor weighs heavily in favor of abstention and/or equitable remand. *See In re Ciclon Negro, Inc.*, 260 B.R. at 838.

vi.     **No. 12 (the presence in the proceeding of non-debtor parties)**: All of the parties in this lawsuit (*i.e.*, Plaintiffs and Defendants) are non-debtors. This factor also weighs heavily in favor of abstention and/or equitable remand.

39.     The other factors are either neutral, inapplicable, or favor Plaintiffs. For example, as discussed above, one defendant (Nicholas Cerasulo) did not file, or join in, the Notice of Removal or file his consent to removal. Due to that lack of unanimity, Plaintiffs request the Court remand. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262, n.11 (5th Cir. 1988) (remand was proper where the removing defendant did not allege that the co-defendant authorized

the removing defendant to formally (or otherwise) represent to the court on behalf of the co-defendant that it consented to the removal). Moving Defendants' Notice of Removal was filed under "28 U.S.C. § 1452" Dkt. 548-1, p. 1; p. 5, ¶7. There is a split of authority whether (in the context of a bankruptcy action) Moving Defendants' co-defendant Cerasulo was required, himself, to file written consent to the Notice of Removal. *Compare Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 485 (E.D. La. 2004) ("many district and bankruptcy courts, including those in this circuit, have found that the rule of unanimity applies to removal based on bankruptcy jurisdiction under Section 1452"); *with In re Guerrero*, No. 12-35341, 2013 WL 6834642, at *5 (Bankr. S.D. Tex. Dec. 20, 2013) (distinguishing and disagreeing with *Orion*) ("This Court believes that the concerns expressed in *Orion* are more properly addressed in a motion for abstention or equitable remand once removed.").

40.     Pursuant to *Orion* and the other opinions applying the rule of unanimity to removal based on bankruptcy jurisdiction, this Court may grant automatic remand due to the failure of Moving Defendants to secure Defendant Cerasuolo's timely consent to the Notice of Removal (*i.e.*, such failure, on its own, is fatal to the removal). Plaintiffs request that this Court do so and remand this case to the State Court based on the lack of unanimity.

41.     As an alternative to automatic remand for lack of unanimity (which Plaintiffs request and maintain is appropriate here), Plaintiffs submit that the Notice of Removal's lack of unanimity provides additional support for permissive abstention and/or equitable remand, including and not limited to factors such as difficult or unsettled nature of applicable law; presence of related proceedings commenced in state court or other non-bankruptcy proceeding; and other factors. *See id.*

42.     Thus, the relevant factors clearly weigh in favor of (i) abstention under 28 U.S.C. § 1334(c)(1), and/or (ii) equitable remand under 28 U.S.C. § 1452(b).  Accordingly, Plaintiffs request that this Court remand this lawsuit back to the State Court.

## IV.    CONCLUSION AND REQUESTED RELIEF

For these reasons, Plaintiffs respectfully request that this Court issue an order remanding this action back to the 342nd Judicial District Court in Tarrant County, Texas (*i.e.*, the original state court in which this action was filed). In the order remanding the case, pursuant to 28 U.S.C. § 1447(c) (and any other statute and/or rule authorizing such relief), Plaintiffs further request that the Court require Moving Defendants to pay Plaintiffs the just costs and any actual expenses, including attorney's fees, incurred by Plaintiffs as a result of the removal. In the event the Court determines remand is appropriate, Plaintiffs further request that this Court set a schedule for Plaintiffs to submit evidence of the just costs and actual expenses incurred by Plaintiffs as a result of the removal (which are continuing to accrue).

Respectfully submitted,

/s/ Chase J. Potter

**CHASE J. POTTER**
Texas State Bar No. 24088245
potter@imcplaw.com
**JOSHUA J. IACUONE**
Texas State Bar No. 24036818
josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
shepherd@imcplaw.com
**ANNA OLIN RICHARDSON**
Texas State Bar No. 24102947
anna@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of February, 2025, a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system, and by first class mail, postage prepaid, to:

Stephen Wayne Lemmon and
Rhonda Bear Mates
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. Mopac Expressway, Suite 320
Austin, TX 78746

COUNSEL FOR THE MOVING DEFENDANTS

/s/ Chase J. Potter
CHASE J. POTTER