IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **In re:**<br><br>**RHODIUIM ENCORE LLC, et al.,**[1]<br>Debtor. | **Bankruptcy Court for the Southern District of Texas**<br>**Chapter 11**<br>**Case No. 24-90448 (ARP)**<br>**(Jointly Administered)** |
| **345 PARTNERS SPV2 LLC, GRANT FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF GRANT FAIRBAIRN REVOCABLE TRUST, NINA FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF NINA CLAIRE FAIRBAIRN REVOCABLE TRUST, RICHARD FULLERTON, WILLIAM HO, AS TRUSTEE AND ON BEHALF OF GR FAIRBAIRN FAMILY TRUST, NCF EAGLE TRUST, GRF TIGER TRUST, AND NC FAIRBAIRN FAMILY TRUST, SCOTT KINTZ, AS TRUSTEE AND ON BEHALF OF KINTZ FAMILY TRUST, JACOB RUBIN, TRANSCEND PARTNERS LEGEND FUND LLC, VALLEY HIGH LP, JERALD WEINTRAUB, AS TRUSTEE AND ON BEHALF OF JERALD AND MELODY HOWE WEINTRAUB REVOCABLE LIVING TRUST DTD 02/05/98, AS AMENDED, AND MIKE WILKINS, AS TRUSTEE AND ON BEHALF OF WILKINS-DUIGNAN 2009 REVOCABLE TRUST**<br>    Plaintiffs,<br>v<br>**NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, AND IMPERIUM INVESTMENTS HOLDINGS, LLC.,**<br>    Defendants. | **Adv. Pro. No. 25-04008** |

---

[1] The Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511) (collectively, "Debtors"). The mailing and service address of the Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

## DEFENDANTS' MOTION TO TRANSFER VENUE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON MARCH 17, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Defendants Nathan Nichols, Chase Blackmon, Cameron Blackmon, and Imperium Investments Holdings, LLC (collectively, "Defendants") move this Court, pursuant to 28 U.S.C. §§ 1404 and/or 1412 and Federal Rule of Bankruptcy Procedure 7087 for an order transferring the above-captioned matter (the "Action") to the United States Bankruptcy Court for the Southern District of Texas, to be joined with the chapter 11 cases of Debtors styled as *In re Rhodium Encore, et al.*, Case No. 24-90448 (ARP) (Bankr. S.D. Tex. filed August 24, 2024 and August 29, 2024) (the "Chapter 11 Cases").

### I.    BASIS FOR RELIEF

Debtors filed the Chapter 11 Cases on August 24 and 29, 2024, in the Bankruptcy Court for the Southern District of Texas. On December 12, 2024, Plaintiffs[2] filed suit against Defendants in the 342nd Judicial District Court of Tarrant County, Texas, Cause No. 342-360258-24. All

---

[2] "Plaintiffs" include 345 Partners SPV2 LLC, Grant Fairbairn, as Trustee and on behalf of Grant Fairbairn Revocable Trust, Nina Fairbairn, as Trustee and on behalf of Nina Claire Fairbairn Revocable Trust, Richard Fullerton, William Ho, as Trustee and on behalf of the GR Fairbairn Family Trust, NCF Eagle Trust, GRF Tiger Trust, and NC Fairbairn Family Trust, Scott Kintz, as Trustee and on behalf of Kintz Family Trust, Jacob Rubin, Transcend Partners Legend Fund LLC, Valley High LP, Jerald Weintraub, as Trustee and on behalf of Jerald and Melody Howe Weintraub Revocable Living Trust DTD 02/05/98, as Amended, and Mike Wilkins, as Trustee and on behalf of Wilkins-Duignan 2009 Revocable Trust

Defendants have appeared and answered. On January 21, 2025, Defendants filed a Notice of Removal [ECF 1] to remove the Tarrant County case to this Court for the purpose of transferring it to the Bankruptcy Court for the Southern District of Texas where the Chapter 11 Cases are pending.[3]

Transfer of the Action is proper on several grounds:

- Venue is proper in the Southern District of Texas where Debtors' Chapter 11 Cases are pending pursuant to 28 U.S.C. § 1404(a)

- Venue is proper in the Southern District of Texas because the Action is a "proceeding under title 11." 28 U.S.C. § 1412; U.S.C. § 157(b)(2). The causes of action alleged in this Action implicate (i) allowance or disallowance of claims against the estate, (ii) claims that are property of the estate, (iii) the administration of the estate, and (iv) the adjustment of the debtor-creditor relationship, which are all core matters. 28 U.S.C. §§ 157(b)(2)(A), (B), and (O)

- The principles of judicial economy, choice of forum, and the convenience of the parties all warrant transfer of the Action to the Southern District of Texas. The Chapter 11 Cases have been designated as Complex Cases and are being jointly administered. Debtors and Defendants, two of whom are currently on the Debtors' board of directors, are facing similar accusations from parties in interest in the Chapter 11 Cases, and transfer to the Bankruptcy Court for the Southern of District of Texas is the most efficient and economical path forward for the Action.

For these reasons, as discussed more fully below, Defendants respectfully request that this Court transfer this Action to the Bankruptcy Court for the Southern District of Texas under § 1404 and/or § 1412.

## II.     BASIS FOR RELIEF

Defendants Nathan Nichols, Chase Blackmon, Cameron Blackmon, and Nick Cerasuolo[4] (collectively, the "Individual Defendants") founded Defendant Imperium Investment Holdings LLC ("Imperium"), which holds a majority interest in Debtors. The Individual Defendants are or

---

[3] Defendants incorporate the Notice of Removal by reference as if fully set forth herein.

[4] Undersigned counsel does not represent Defendant Nick Cerasuolo.

were directors and officers of Debtors. Plaintiffs are passive investors in Debtors who are determined not only to destroy Debtors, but to personally ruin Defendants.

Over the course of several years, Plaintiffs have spun a complicated fairytale based on nothing more than the whims of a vindictive and manipulative person who fluctuates between playing the victim and playing the mastermind. The allegations set forth in the Action are just more fiction. Nonetheless, even if based in reality (which they are not), Plaintiffs' claims belong in the Bankruptcy Court for the Southern District Texas where the Chapter 11 Cases are pending.

Plaintiffs' claims arise from Defendants alleged actions as the manager, officers, and/or directors of Debtors, not in their individual capacities. For example:

- "Defendants, the founders, executives, and management team of [Debtors] conned Plaintiffs into investing millions of dollars *into [Debtors]*…." Plaintiffs' Original Petition at 2.

- "Defendants hid their fraudulent ruse by repeatedly denying Plaintiffs access to books and records and intentionally creating a 'black box' *with respect to [Debtors'] financial condition*…." *Id*. at 3-4.

- "Plaintiffs have **indirectly** suffered harm as a result of Defendants' *mismanagement of, and self-dealing transactions with, [Debtors]*." *Id*. at 4.

- "But Defendants *failed to direct [Debtors]* to take any reasonable actions: [*Debtors*] did not pay back the debt holders…[*Debtors*] did not preserve sufficient case to weather volatility…Instead, *Defendants directed [Debtors]* to use Plaintiffs' secure Investment to prop-up other failing bets…" *Id*. at 12-13.

- "Unbelievably, in the same month during **management presentations** pitching the Roll-up Transaction (and to fraudulently induce Plaintiffs), Defendants falsely projected 300MW of growth [*of Debtors*]…" *Id*. at 16.

- "Unfortunately, this type of malfeasance and self-dealing by Defendants is what *landed the [Debtors] in bankruptcy*." *Id*. at 17.

- "Defendants *mismanaged and defrauded [Debtors]* in numerous other ways…" *Id*. at 20.

Plaintiffs do not even attempt to distinguish the facts forming the basis of the Action from those belonging to the Debtors or those taken by Defendants as officers and directors of Debtors:

- "Plaintiffs look forward to Rhodium pursuing its own causes of action against Defendants for mismanagement and self-dealing as means to recover value for Rhodium's creditors, like Plaintiffs." Plaintiffs' Original Petition at 13.

- "As indicated above, Plaintiffs look forward to Rhodium seeking recoveries from Defendants related to damages caused to the Rhodium debtors." *Id*. at 17.

- "Defendants mismanaged and defrauded Rhodium in numerous other ways…" *Id*. at 20.

- Plaintiffs, again, hope for action by the Rhodium debtors' estate to recover from Defendants for their mismanagement and negligence." *Id*. at 21.

**A.    Transfer of the action is appropriate under §§ 1404 and/or 1412.**

Defendants seek a transfer of this Action pursuant to either 28 U.S.C. §§ 1404 or 1412. The standards under both sections are similar. Section 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1412 states that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." While § 1404 provides that transfer is only appropriate to a district where the action "may have been brought" or to "which all parties have consented," § 1412 permits transfer of "proceeding[s] under title 11." Here, transfer under § 1404 is appropriate because it could have been brought in the Bankruptcy Court for the Southern District of Texas where the Chapter 11 Cases are pending. Transfer is also appropriate under § 1412 because the Action relates to a "proceeding under title 11." Transfer of the Action serves the interests of justice and the convenience of the parties.

**i)    This Action may be transferred under § 1412.**

Section 1412 applies to both core proceedings and to non-core proceedings. *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-CV-1242-M, 2013 WL 230381, at *4 (N.D. Tex. Jan. 18, 2013) (Lynn, J.) ("the Court agrees with the district court's analysis in *Marquette* and likewise finds that

5

28 U.S.C. § 1412 grants a district court the discretion to transfer a [related to case] to the district in which the bankruptcy proceeding is pending.") (citing *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, No. 06–0826, 2006 WL 2349461, at *4 (E.D. La. Aug. 11, 2006)).

Section 1412 authorizes the transfer of "proceedings under title 11" which means all proceedings under title 11, whether they *arise under* title 11, *arise in* title 11, or *relate to* title 11. In this Circuit, "in order to obtain a transfer under § 1412, the underlying suit must be at least 'related to' the pending main bankruptcy case." *In re Directory Distrib. Assocs., Inc.*, 566 B.R. 869, 878 (Bankr. S.D. Tex. 2017) (citing *Campbell v. Williams*, No. 1.14–cv–097, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015); *see also LSREF2 Baron, LLC v. Aguilar*, 2013 WL 230381, at *1 (finding that *sua sponte* transfer of claims "related to" bankruptcy estate to the district where Chapter 11 case was pending was appropriate under both §§ 1404(a) and 1412);. *Marquette Transp. Co.* 2006 WL 2349461, at *1.

Causes of action against the Individual Defendants acting contrary to the best interests of the Debtors in their capacity as directors and officers of the Debtors belong to the estate. *See Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 386 (5th Cir. 2009)*; *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) (holding that a corporation's "cause of action against its officers and directors ... is 'property of the estate'").

Resolving Plaintiff's claims against the Debtors and their non-Debtor affiliates will thus be matters arising under the Bankruptcy Code as well as related to the Chapter 11 Cases, making transfer of the Action appropriate under 28 U.S.C. § 1412.

### ii) This action may be transferred under § 1404.

Venue lies in the Southern District of Texas. Pursuant to 28 U.S.C. § 1409(a), Plaintiffs may commence any proceeding arising under title 11 or arising in or related to a case under title 11 in the district where the bankruptcy case is pending. The Chapter 11 Cases are pending in the

Southern District of Texas. Claims against Defendants – including the claims asserted by Plaintiffs in the Action – are currently being investigated as part of the Chapter 11 Cases. This Action also seeks to elevate the claims of Plaintiffs related to these allegations above the recoveries of the creditors and interest holders of one or more Debtors. These alleged actions directly implicate the Debtors' restructuring and the rights of the Debtors' creditors. It follows that with respect to section 1404, this Action may have been brought in the Southern District of Texas.

    **iii) This Action should be transferred to the Southern District of Texas in the interest of justice and for the convenience of the parties.**

Both sections 1404(a) and 1412 require the Court to determine whether transfer is appropriate based on the convenience of the parties or the interests of justice. Courts in the Fifth Circuit consider the following factors when deciding whether to transfer venue to another court: (1) efficiency and economics of estate administration; (2) presumption in favor of the "home court"; (3) judicial economy and efficiency; (4) fairness and the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; and (6) plaintiff's original choice of forum. *In re Think3, Inc.*, 529 B.R. 147, 209 (Bankr. W.D. Tex. 2015) (citing *In re BDRC Lofts, Ltd.*, No. 12–11559–CAG, 2013 WL 395129, at *2 (Bankr. W.D. Tex. Jan. 31, 2013); *In re Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980)); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, No. 4:09–CV–386–Y, 2009 WL 4884430, at *4–8 (N.D. Tex. Dec. 17, 2009).

Although motions to transfer venue are considered on an individualized, case-by-case basis, courts in this Circuit held that the district where the underlying bankruptcy proceeding is pending (the "home bankruptcy court") is the proper venue for determination of a proceeding related to the bankruptcy. *In re Directory Distrib. Assocs., Inc.*, 566 B.R. 869, 877, 880 (Bankr. S.D. Tex. 2017); *In re Adkins Supply*, No. 1:14-CV-095-C, 2015 WL 1498856, at * 4 (Bankr. N.D.

Tex. Mar. 27, 2015) ("And most important, although §§ 1404(a) and 1412 are similar, § 1412 is tailored to bankruptcy cases and proceedings; it grants deference for the 'home court' rule—venue where the bankruptcy case is pending—and considers the preservation of the estate as an important interest; an analysis from § 1404(a) ignores the bankruptcy."). Here, the "home court" is the Southern District of Texas, where the Chapter 11 Cases are pending, and transfer of an adversary proceeding to the Southern District of Texas is appropriate.

The efficiency and economics of the estate administration require transferring the Action to the Southern District of Texas to avoid duplication of efforts and escalation of costs in substantially related parallel proceedings concerning the same alleged conduct of Defendants as those being investigated by the special committee in the Chapter 11 Cases. Proceeding in two different venues on substantially related proceedings, with attendant costs of discovery and litigation, would necessarily affect the economics of the estate administration and decrease distributions to creditors. It would also decrease judicial economy and efficiency by having two different courts consider substantially related issues. *See, e.g.*, *Indep. Stationers Inc. v. Vaughn*, No. IP 99-0127 C M/S, 2000 WL 1449854, at *6 (S.D. Ind. Jan. 3, 2000) (transferring a pre-petition breach of contract action where "transfer . . . to the Bankruptcy Court would enhance the economic and efficient administration of the estate" because the debtor-defendant's and the non-debtor-defendants' defenses and possible cross claims were so intertwined that it would be best for the debtor-defendant's creditors that they all be raised in the bankruptcy court). Finally, Debtors' indemnity obligations to Defendants justify transfer to the Bankruptcy Court for the Southern District. *See Abrams v. Gen. Nutrition Cos.*, No. CIV.A. 06-1820 (MLC), 2006 WL 2739642, *10 (D.N.J. Sept. 25, 2006) (granting motion to transfer where indemnity would be drawn from the debtor's estate, and it "would promote judicial efficiency [to] establish[] one forum where all claims arising from the sale of [debtor's product] can be addressed").

### III. NOTICE

Notice of this Motion has been provided to the Plaintiff in the Action and the United States Trustee for the Northern District of Texas.

### IV. NO PRIOR REQUEST

No prior motion for the relief requested herein has been made to this or any other Court.

### V. CONCLUSION

For the reasons stated above, the Debtor respectfully requests that this Court transfer this Action to the Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1404 and 1412.

Respectfully submitted this 24th day of February, 2025.

STREUSAND, LANDON, OZBURN
& LEMMON LLP

By: */s/ Stephen W. Lemmon*
   Stephen W. Lemmon
   State Bar No. 12194500
   lemmon@slollp.com
   Rhonda Mates
   State Bar No. 24040491
   mates@slollp.com
   1801 S. MoPac Expressway, Suite 320
   Austin, Texas 78746
   (512) 236-9900; (512) 236-9904 (Fax)
   **ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF CONFERENCE

I certify, pursuant to Local Rule 7007-1(b), that on February 20, 2025, Rhonda Mates as counsel for the Defendants, have met and conferred by email with Chase J. Potter, as counsel for Plaintiff, regarding the Defendants' motion to transfer venue. Plaintiffs oppose the Motion to Transfer Venue.

*/s/ Rhonda Mates*
Rhonda Mates

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 24th, 2025, a true and correct copy of the foregoing Motion was served through the Court's Electronic Case Filing system of the United States Bankruptcy Court for the Northern District of Texas and/or via first class mail, postage prepaid to counsel for Plaintiffs and the United States Trustee, addresses listed below.

Chase J. Potter
Joshua J. Iacuone
Anna Olin Richardson
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 700
Dallas, Texas 75206
*ATTORNEYS FOR PLAINTIFFS*

United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

                                            */s/ Stephen W. Lemmon*
                                            Stephen W. Lemmon