## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br><br><br>**RHODIUM ENCORE LLC.,** *et al.*,<br>　　　　Debtors. | **Bankruptcy Court for the Southern District of Texas**<br>**Chapter 11**<br>**Case No. 24-90448-(ARP)**<br><br>**(Jointly Administered)** |
| **345 PARTNERS SPV2 LLC, GRANT FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF GRANT FAIRBAIRN REVOCABLE TRUST, NINA FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF NINA CLAIRE FAIRBAIRN REVOCABLE TRUST, RICHARD FULLERTON, WILLIAM HO, AS TRUSTEE AND ON BEHALF OF GR FAIRBAIRN FAMILY TRUST, NCF EAGLE TRUST, GRF TIGER TRUST, AND NC FAIRBAIRN FAMILY TRUST, SCOTT KINTZ, AS TRUSTEE AND ON BEHALF OF KINTZ FAMILY TRUST, JACOB RUBIN, TRANSCEND PARTNERS LEGEND FUND LLC, VALLEY HIGH LP, JERALD WEINTRAUB, AS TRUSTEE AND ON BEHALF OF JERALD AND MELODY HOWE WEINTRAUB REVOCABLE LIVING TRUST DTD 02/05/98, AS AMENDED, AND MIKE WILKINS, AS TRUSTEE AND ON BEHALF OF WILKINS-DUIGNAN 2009 REVOCABLE TRUST**<br>　　　　**Plaintiffs,**<br><br>　　**vs.**<br><br>**NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, NICHOLAS CERASUOLO, AND IMPERIUM INVESTMENTS HOLDINGS, LLC,**<br>　　　　**Defendants.** | **Adv. Pro. No. 25-04008** |

**SPECIAL COMMITTEE'S MOTION TO INTERVENE AND MOTION FOR LEAVE
TO FILE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER AND IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Proposed Intervenor-Defendant, the Special Committee of the Board of Directors
of Rhodium Enterprises, Inc. ("Special Committee") files this motion to intervene as a
party-defendant pursuant to Federal Rule of Civil Procedure 24, and for leave to file a Brief
in Support of Defendants' Motion to Transfer and in Opposition to Plaintiffs' Motion to
Remand ("Proposed Brief") and participate in the hearing on said briefs on April 11, 2025.
[ECF No. 10.] In support, the Special Committee states as follows.

**Background**

On August 28, 2024, the Board of Directors of Debtor Rhodium Enterprises, Inc.
("Rhodium Enterprises" and the "Enterprises Board") determined that in connection with
the Debtors' Chapter 11 filings, it was advisable and in the best interests of the Debtors
and their stakeholders to establish a special committee of the Enterprises Board. (Schmeltz
Decl. ¶¶ 1-2.)

The Enterprises Board did so and authorized the Special Committee to take any
action with respect to a Conflict Matter. (*Id.* at ¶¶ 2-3.) A "Conflict Matter" is defined in
the resolutions creating the Special Committee as a matter in which a conflict of interest
exists or is reasonably likely to exist between Rhodium Enterprises, on the one hand, and
any of its direct or indirect equity holders, affiliates, subsidiaries, directors, officers, or
other stakeholders, or any affiliate or other related party of the foregoing (each a "Related
Party" and, collectively, the "Related Parties"). (*Id.* at ¶ 3.) The actions that may be taken
by the Special Committee, as determined in the sole judgment of the Special Committee,
include, but are not limited to: (a) any release or settlement of potential claims or causes of
action of Rhodium Enterprises or its subsidiaries, if any, against the Related Parties; and

2

(b) investigate any past or current transaction that may involve a Conflict Matter. (*Id.*) Therefore, **only** the Special Committee can settle or release claims or causes of action against Rhodium Enterprises or its subsidiaries—the Defendants cannot.

The Defendants are unquestionably Related Parties. The factual circumstances described in Plaintiffs' Petition are bases for Conflict Matters. Therefore, the Special Committee now seeks to intervene for the limited purpose of defending the Special Committee's area of responsibility from encroachment by Plaintiffs who merely seek to evade the Bankruptcy stay. In particular, the Special Committee seeks to ensure that any claims relating to the Defendants' alleged actions or inaction are brought in the bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of Texas, which are being jointly administered under the caption *In re Rhodium Encore LLC, et al.*, Case No. 24-90448 (ARP) (Bankr. S.D. Tex.), filed August 24, 2024, and August 29, 2024 (the "Bankruptcy Case") for the benefit of the estate rather than the limited interest of Plaintiffs. The Special Committee seeks to protect the property that the Special Committee was specifically created and authorized to entrust. (*See* Schmeltz Decl. at ¶ 3.)

## Argument

### A.    The Court Should Permit the Special Committee to Intervene under Rule 24(a)(2)

Under Rule 24(a)(2), a non-party must be allowed to intervene if:

(1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

*Rotstain v. Mendez*, 986 F.3d 931, 936–37 (5th Cir. 2021) (alteration in original) (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). The Special Committee satisfies all four requirements.

### 1.    The request to intervene is timely.

The timeliness inquiry under Rule 24 "is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Timeliness is not limited to chronological considerations, but is to be determined from all the circumstances, including the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before petitioning for leave to intervene. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The "better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties." *Sierra Club v. Fed. Emergency Mgmt. Agency*, Civ. A. No. H-07-0608, 2008 WL 2414333, at *5 (S.D. Tex. June 11, 2008) (quoting *Espy*, 18 F.3d at 1206).

The Special Committee is seeking to intervene immediately upon learning that its interests were not protected by the original parties—upon reviewing the Defendants' Joint Brief in Opposition to Plaintiffs' Motion to Remand and Abstain. [ECF No. 13.] The Defendants lack knowledge about the Special Committee's investigation, their interests differ from those of the Special Committee, and they lack standing to pursue and resolve these claims. The Plaintiffs' claims against the Defendants are those of the Special Committee in the Bankruptcy Case. Additionally, the Special Committee seeks to intervene well "before discovery [has] progressed," or even started, and does not "seek to delay or reconsider phases of the litigation that ha[ve] already concluded." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). Furthermore, all

4

parties will have the opportunity to respond to the Special Committee's Proposed Brief prior to or during the oral argument scheduled on April 11, 2025. [ECF No. 10.] Consequently, the Special Committee's motion is timely and this requirement is satisfied.

**2.  The Special Committee has important interests relating to the subject of the action.**

An interest "is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Wal–Mart*, 834 F.3d at 566 (quotation omitted). The interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (quoting *Espy*, 18 F.3d at 1207).

As explained in the Special Committee's Proposed Brief, Plaintiffs' claims are in fact claims belonging to the estate, restyled as claims against the Defendants in an attempt to avoid the Bankruptcy Case and the imposition of the automatic stay resulting from the Bankruptcy Case. These estate claims are squarely within the purview of the Special Committee, again as explained in the Special Committee's Proposed Brief. *See also Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009); *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988). Plaintiffs lack standing to bring derivative claims, even when they are incorrectly—and improperly—restyled as direct claims. *See In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2025 WL 854623, at **12-13 (Bankr. N.D. Tex. Mar. 18, 2025) (granting judgment on the pleadings for failure to state a claim by failing to meet derivative standing requirements despite pleading direct claims). Indeed, Plaintiffs have already sought relief in the Bankruptcy Case by filing proofs of claim to recover damages for the same conduct

and arising out of the subject matter at issue in the present case. [*See* ECF No. 13, Defs. Objection to Pls. Mot. to Remand, at 9.] Likewise, the recovery sought by Plaintiffs in this case will most likely come from assets to be distributed in the Bankruptcy Case or other property of the bankruptcy estates (i.e., proceeds from directors' and officers' liability insurance). Only the Special Committee can settle such claims—not Defendants. Therefore, the Special Committee has important interests in the subject of this action and this requirement is satisfied.

### 3. Disposition of this action will impair the Special Committee's interest.

This element examines whether the judgment "may" have a "practical" impact on the would-be intervenor's interest. *See Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). An intervenor's interests may be impaired when the nonparty faces potential consequences in the interim period after entry of a judgment or the nonparty's interest is practically impaired by the stare decisis effect of a district court's judgment on subsequent proceedings. *Sierra Club. v. Fed. Emergency Mgmt. Agency*, Civ. A. No. H-07-0608, 2009 WL 2414333, at *6 (S.D. Tex. June 11, 2008).

Here, the disposition of this action ***most certainly*** will impair the Special Committee's interest. The Special Committee has a duty to the Enterprises Board and to the stakeholders in Rhodium Enterprises to investigate Conflict Matters and, where appropriate, to assert, prosecute, and resolve those matters for the benefit of those stakeholders. (Schmeltz Decl. at ¶ 3.) The claims asserted by Plaintiffs in this matter are Conflict Matters and arise out of the same facts and circumstances that are being investigated—and pursued if warranted—by the Special Committee. (*See* Schmeltz Decl. at ¶¶ 5-7.) This matter, if addressed separately from the Bankruptcy Case, will inevitably

6

result in unnecessary duplication of effort by numerous parties, including the Special Committee. Moreover, the parallel proceedings in the Bankruptcy Case and here will almost certainly affect one another, requiring the Special Committee to address the proceedings in this Court in the Bankruptcy Case and vice versa. There is a high risk of contradictory judgments that could result between this action and the Bankruptcy Case, because Plaintiffs' claims seek to recover on the same subject matter with different (restyled) claims both here and in the Bankruptcy Case. Consequently, disposition in the present case will impair the Special Committee's interests, and this requirement is satisfied.

<strong>4.    The parties cannot show that they adequately represent the Special Committee's interests.</strong>

To satisfy this element, the Special Committee "need only show that the representation *may* be inadequate." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added). An intervenor's additional arguments combined with a "lack of unity in all objectives" may suffice to show inadequacy of representation. *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014).

Here, Defendants do not adequately represent the Special Committee's interests, which include independently evaluating the estate's causes of action against the Defendants. The Defendants' interests are to protect themselves personally and limit their personal liabilities. The Special Committee, however, is focused on the interests of Rhodium Enterprises and the bankruptcy estates, and in maximizing recoveries for all stakeholders. Defendants' interests may indeed be adverse to the Special Committee and its entrusted property to protect depending on the findings made about the Defendants' conduct. Moreover, Defendants lack standing to settle derivative claims and are therefore

7

not in a position to resolve Plaintiffs' mislabeled claims—*only* the Special Committee can resolve such claims. Finally, as subjects of the investigation, the Defendants also lack information about the Special Committee's investigation and are unable to relay all necessary information to the Court. As a result, the Special Committee satisfies all four requirements under Rule 24(a)(2) and it should be permitted to intervene as a matter of right.

**B.    Alternatively, the Court Should Permit the Special Committee to Intervene under Rule 24(b)(1)(B)**

Alternatively, Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is committed to the court's discretion, but the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Other factors a court may consider include "whether the existing parties adequately represent the proposed intervenor's interests and whether the intervenor's presence is likely to contribute significantly to the development of underlying factual issues." *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. Civ. A. H-07-0608, 2008 WL 2414333, at *4 (S.D. Tex. June 11, 2008) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989)). Moreover, granting permissive intervention would "foster economy of judicial administration." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).

First, as stated above, the Special Committee's motion is timely. Second, because the Special Committee filed the motion before significant action has occurred in the case, granting the motion will not cause any delay or prejudice to the existing parties' rights to

litigate the case. Third, the Special Committee shares common questions of law and fact with the claims asserted in the lawsuit. The Special Committee has a significant interest in protecting the property at issue in the Bankruptcy Case and ensuring it is distributed properly without Plaintiffs taking multiple bites at the apple to maximize their recovery and jump the line for distributions. The Special Committee's ability to address these interests are based on its authorization from the Enterprises Board and its investigation will contribute significantly to the just and equitable resolution of Plaintiffs' claims and all claims arising out of the facts and circumstances on which those claims are based. (*See* Schmeltz Decl. at ¶¶ 3, 5-8.) The Plaintiffs' derivative claims belong solely to the Special Committee and the Defendants lack authorization to settle such claims. Therefore, if the Court concludes that the Special Committee is not entitled to intervene as of right, it should still grant the Special Committee's request for permissive intervention under Rule 24(b)(1)(B).

### C.    Motion for Leave to File Brief in Support of Defendants' Motion to Transfer and in Opposition to Plaintiffs Motion to Remand

In addition, Proposed Intervenor-Defendant the Special Committee respectfully moves this Court for leave to file a Brief in Support of Defendants' Motion to Transfer and in Opposition to Plaintiffs' Motion to Remand. The Special Committee's proposed Brief is attached as **Exhibit 1**. The Special Committee understands that this case is set for a hearing on these two motions on April 11, 2025. [ECF No. 10.] The Special Committee does not wish to delay resolution of the case; responses can be submitted prior to the hearing or at the hearing. Therefore, the Special Committee respectfully requests leave to submit the attached brief reflecting its positions, and to participate in the hearing on April 11, 2025.

9

**Conclusion**

WHEREFORE, for the reasons stated above, Proposed Intervenor-Defendant Special Committee respectfully requests this Court grant its motion to intervene and for leave to file a Brief in Support of Defendants' Motion to Transfer and in Opposition to Plaintiffs' Motion to Remand and to participate in the hearing on April 11, 2025.

Dated: April 7, 2025                Respectfully submitted,

 */s/ Thomas Haskins*
Thomas Haskins
**BARNES & THORNBURG LLP**
2121 N. Pearl Street Suite 700
Dallas, TX 75201
Telephone:  214-258-4111
Fax:  214-258-4199
thaskins@btlaw.com

and

Vincent P. (Trace) Schmeltz III
*(pro hac vice pending)*
**BARNES & THORNBURG LLP**
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone:  312-214-5602
Fax:  312-759-5646
tschmeltz@btlaw.com

*Counsel for Proposed Intervenor-Defendant Special Committee of the Board of Directors of Rhodium Enterprises, Inc.*