Chase J. Potter
Texas State Bar No. 24088245
potter@imcplaw.com
Joshua J. Iacuone
Texas State Bar No. 24036818
josh@imcplaw.com
Joshua L. Shepherd
Texas State Bar No. 24058104
shepherd@imcplaw.com
Anna Olin Richardson
Texas State Bar No. 24102947
anna@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

**ATTORNEYS FOR PLAINTIFFS**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § § | CHAPTER 11 |
| RHODIUM ENCORE, LLC, et al., § § § | CASE NO. 24-90448 (Bankr. S.D. Tex.) |
| Debtor. § § | |
| 345 PARTNERS SPV2 LLC, GRANT FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF GRANT FAIRBAIRN REVOCABLE TRUST, NINA FAIRBAIRN, AS TRUSTEE AND ON BEHALF OF NINA CLAIRE FAIRBAIRN REVOCABLE TRUST, RICHARD FULLERTON, WILLIAM HO, AS TRUSTEE AND ON BEHALF OF GR FAIRBAIRN FAMILY TRUST, NCF EAGLE TRUST, GRF TIGER TRUST, AND NC FAIRBAIRN FAMILY TRUST, SCOTT KINTZ, AS TRUSTEE AND ON BEHALF OF KINTZ FAMILY TRUST, JACOB RUBIN, TRANSCEND PARTNERS LEGEND FUND LLC, VALLEY HIGH LP, JERALD § § § § § § § § § § § § § § § § § § § § | ADV. NO. 25-04008 |

| | |
|---|---|
| WEINTRAUB, AS TRUSTEE AND ON BEHALF OF JERALD AND MELODY HOWE WEINTRAUB REVOCABLE LIVING TRUST DTD 02/05/98, AS AMENDED, AND MIKE WILKINS, AS TRUSTEE AND ON BEHALF OF WILKINS-DUIGNAN 2009 REVOCABLE TRUST, <br><br>      Plaintiffs, <br><br>v. <br><br>NATHAN NICHOLS, CHASE BLACKMON, CAMERON BLACKMON, NICHOLAS CERASUOLO, AND IMPERIUM INVESTMENTS HOLDINGS, LLC, <br><br>      Defendants. | § § § § § § § § § § § § § § § § § § § § § § |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND ABSTAIN**

Plaintiffs[1] file this reply brief in support of their Motion to Remand and Abstain (Dkt. No. 5) in which Plaintiffs request that this Court issue an order remanding the individual/direct claims Plaintiffs have asserted against Defendants Nathan Nichols, Chase Blackmon, Cameron Blackmon, Nicholas Cerasuolo, and Imperium Investments Holdings, LLC (collectively, the "Defendants") in this lawsuit back to the state court in which they were originally filed. In support thereof, Plaintiffs respectfully show the Court as follows:

---

[1] The term "Plaintiffs," when used herein, refers collectively to Plaintiffs 345 Partners SPV2 LLC, Grant Fairbairn, as Trustee and on behalf of the Grant Fairbairn Revocable Trust, Nina Fairbairn, as Trustee and on behalf of the Nina Claire Fairbairn Revocable Trust, Richard Fullerton, William Ho, as Trustee and on behalf of the GR Fairbairn Family Trust, NCF Eagle Trust, GRF Tiger Trust, and NC Fairbairn Family Trust, Scott Kintz, as Trustee and on behalf of the Kintz Family Trust, Jacob Rubin, Transcend Partners Legend Fund LLC, Valley High LP, Jerald Weintraub, as Trustee and on behalf of the Jerald and Melody Howe Weintraub Revocable Living Trust DTD 02/05/98, as amended, and Mike Wilkins, as Trustee and on behalf of the Wilkins-Duignan 2009 Revocable Trust.

## PLAINTIFFS' REPLY

The well-known maxim "lead with your best argument" is regularly followed in the legal industry. The clear weakness in Defendants' Response is highlighted by their very first argument, which – according to the aforementioned principle – should be Defendants' "best" argument. Defendants begin the argument section of their Response by claiming that "the allegations underlying the State Court Petition indicate that the real claims that the Plaintiffs seek to assert belong to Rhodium's bankruptcy estates." *See* Dkt. No. 13 ¶ 26. Thus, Defendants' primary contention against remand is their weak argument that Plaintiffs are attempting to assert estate claims. The problem for Defendants is their primary argument fails based on their own admissions alone.

Not only do Defendants fail to even cite (much less attempt to distinguish *Seven Seas*, *Educators*, and *Buccaneer*, which are extensively cited by Plaintiffs and support remand), Defendants ***admit*** that Plaintiffs are ***not*** pursuing causes of action that belong to the Rhodium estates. Specifically, Defendants ***admit*** that "fraud and fraudulent inducement [*i.e.*, the ***only*** causes of action asserted by Plaintiffs in this lawsuit] ***are direct causes of action owned by the claimants***." *See* Dkt. No. 13 ¶ 28 (emphasis added). It is hard to imagine an admission that more directly and fatally contradicts a position taken by a litigant.

Despite admitting that Plaintiffs are only pursuing direct/state law causes of action against non-debtors, Defendants look into their crystal ball and express worry that Plaintiffs ***may***, at some unidentified point in the future, take advantage of the liberal pleading amendment standard under the Texas Rules of Civil Procedure by amending their state court petition to assert estate-based claims. *See* Dkt. No. 13 ¶¶ 31-32. Unsurprisingly, Defendants cite ***zero*** case law demonstrating that their unfounded speculation somehow supports removal/federal jurisdiction.

Moreover, Defendants' alleged "concerns" are unwarranted because – if Plaintiffs amended their state court petition to assert estate causes of action (which Defendants **admit** Plaintiffs are **not** pursuing in their current petition) – Defendants would be free to seek relief from the federal bankruptcy court through a motion requesting enforcement of the automatic stay. To date, Defendants have not sought such relief (despite the petition being filed almost 4 months ago), because – as admitted by Defendants – Plaintiffs are **not** pursuing estate causes of action in violation of the automatic stay. Put simply, the "we are concerned that Plaintiffs might amend their petition one day" argument from Defendants is not supported by a single opinion in the Fifth Circuit (or, for that matter, any other federal court or state court in this country).

None of Defendants' other arguments fare any better. For example, Defendants wholly fail to explain how this case differs from the recent decision from another bankruptcy court within the Northern District of Texas – *Seven Talents, LLC v. Neugebauer (In re: With Purpose, Inc.)*, 654 B.R. 715 (Bankr. N.D. Tex. 2023) – in which Judge Larson granted the motion to remand and abstain filed by the *Seven Talents* plaintiffs in an almost identical situation.

In sum, Plaintiffs' Motion to Remand and Abstain should be granted for all the reasons in Plaintiffs' supporting brief (Dkt. No. 6) and herein. Nothing in Defendants' Response changes the proper outcome.

## CONCLUSION

Thus, for the reasons set forth herein, and in Plaintiffs' Brief in Support of Plaintiffs' Motion to Remand and Abstain (Dkt. No. 6), Plaintiffs respectfully request that this Court issue an order remanding this action back to the 342nd Judicial District Court in Tarrant County, Texas (*i.e.*, the original state court in which this action was filed). In the order remanding the case, pursuant to 28 U.S.C. § 1447(c) (and any other statute and/or rule authorizing such relief),

Plaintiffs further request that the Court require Moving Defendants to pay Plaintiffs the just costs and any actual expenses, including attorney's fees, incurred by Plaintiffs as a result of the removal. In the event the Court determines remand is appropriate, Plaintiffs further request that this Court set a schedule for Plaintiffs to submit evidence of the just costs and actual expenses incurred by Plaintiffs as a result of the removal (which are continuing to accrue).

Respectfully submitted,

*/s/ Chase J. Potter*
**CHASE J. POTTER**
Texas State Bar No. 24088245
potter@imcplaw.com
**JOSHUA J. IACUONE**
Texas State Bar No. 24036818
josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
shepherd@imcplaw.com
**ANNA OLIN RICHARDSON**
Texas State Bar No. 24102947
anna@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 7th day of April, 2025, a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system, and/or by first class mail, postage prepaid, to:

Stephen Wayne Lemmon and
Rhonda Bear Mates
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. Mopac Expressway, Suite 320
Austin, TX 78746

COUNSEL FOR THE IMPERIUM DEFENDANTS

Kyung S. Lee
R.J. Shannon
Shannon & Lee LLP
2100 Travis Street, Suite 1525
Houston, Texas 77002

COUNSEL FOR DEFENDANT
NICHOLAS CERASUOLO

                                            */s/ Chase J. Potter*
                                            CHASE J. POTTER